OPINION OF THE COURT
LEWIS, Circuit Judge.
This is a dispute over the distribution of proceeds from a sale of real property formerly held by the debtor in this bankruptcy case, Blue Coal Corporation. On August 19, 1991, the bankruptcy court entered an order permitting the proposed sale of property to go forward free and clear of all liens, claims and encumbrances, and further directing that proceeds from the sale be distributed to the Anthracite Health and Welfare Fund (the “Fund”).
The Commonwealth of Pennsylvania and the United States (the “governments”) brought an appeal in the district court. The district court found that the bankruptcy court’s order had followed from a settlement agreement between the trustee for Blue Coal and the Fund. Prior to entering its order, the bankruptcy court had rejected the Commonwealth’s suggestion that such a settlement had occurred and that other creditors of the bankrupt estate should therefore receive notice of the settlement and an opportunity to object to its terms. In the bankruptcy court’s view, because no settlement had been reached, other creditors were not entitled to notice and an opportunity to respond. The district court found otherwise, stating, “We are of the view that the totality of the circumstances evidences a settlement. Notice of the settlement agreement should have been sent to all of the creditors with an opportunity to be heard thereon.” Consequently, by an order entered on June 26, 1992, the district court (1) vacated the portion of the bankruptcy court’s order which had directed that the sale proceeds be paid to the Fund, (2) directed that the Fund continue to preserve the proceeds in an interest-bearing account (in accordance with a previous order of the district court) and (3) remanded the matter to the bankruptcy court for further proceedings consistent with the district court’s opinion.
Rather than return to the bankruptcy court to participate in further proceedings, the Fund brought this appeal challenging the merits of the district court’s decision and arguing that it was entitled to immedi *689 ate possession of the sale proceeds. However, we will not reach those questions because we have concluded that we do not have jurisdiction over this appeal.
Title 28 U.S.C. § 158(d) provides that courts of appeals have jurisdiction over appeals in bankruptcy cases where district courts, in exercising appellate jurisdiction over bankruptcy court decisions, have entered “final decisions, judgments, orders, and decrees.” We have taken a flexible, practical approach to interpreting the finality requirement in bankruptcy cases. “In approaching this finality question, we recognize that the unique characteristics of bankruptcy cases have led us to consistently consider finality in a more pragmatic and less technical way in bankruptcy cases than in other situations.” In re BH & P Inc., 949 F.2d 1300, 1306 (3d Cir.1991) (quotations and citations omitted). As we recently explained:
“Our jurisdiction is properly invoked by balancing a general reluctance to expand traditional interpretations regarding finality and a desire to effectuate a practical termination of the matter before us. Factors to evaluate in this weighing process are the impact upon the assets of the bankrupt estate, the necessity for further fact-finding on remand, the preclusive effects of our decision on the merits of further litigation, and whether the interest of judicial economy would be furthered.” The “most important” of these factors is the impact upon the assets of the bankrupt estate.
In re Market Square Inn, Inc., 978 F.2d 116, 120 (3d Cir.1992) (quoting In re Meyertech Corp., 831 F.2d 410, 414 (3d Cir.1987)).
After carefully considering the facts of this case and conducting the balance described in Market Square Inn and our earlier decisions, we have concluded that this case does not raise the kind of practical concerns that would overcome our general reluctance to lower the traditional standard of finality in order to find jurisdiction over a bankruptcy appeal. The district court order that the Fund has challenged here is not final; therefore, we do not have jurisdiction over this appeal under 28 U.S.C. § 158(d), and we cannot reach the merits of the case.
Thus, for the reasons stated, this appeal will be dismissed for lack of jurisdiction.